LERLENE EVONNE ROEVER, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 29647

March 24, 1999

979 P.2d 1285

*Harry R. Gensler,* Public Defender, and *Harold Kuehn,*
Assistant Public Defender, Nye County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Robert
S. Beckett,* District Attorney, and *Kirk D. Vitto,* Deputy District
Attorney, Nye County, for Respondent.

Before Rose, C. J., Young, Maupin and Shearing, JJ.

## OPINION

*Per Curiam:*

The state has petitioned for rehearing of this court's decision
reversing and remanding appellant Roever's judgment of convic-

tion.[1] *See* Roever v. State, 114 Nev. 867, 963 P.2d 503 (1998). The petition is opposed.

The state correctly asserts that this court's majority opinion misstated circumstances under which an audiotaped interview was introduced into evidence.[2] Specifically, in discussing the admission of evidence of specific prior bad acts later presented by the state to rebut certain statements made by Roever on the audiotape, this court observed that the rebuttal evidence should never have been introduced, in part because it did not rebut evidence presented by Roever in her defense.[3]

We acknowledge that the opinion incorrectly concluded that it was the state that first used the tape in its case-in-chief. In fact, the audiotape was a defense exhibit; the state stipulated to its introduction into evidence during its case-in-chief so that a witness would not have to be recalled to testify later during the presentation of the case by the defense.

Nevertheless, this court's holding that the admission of the rebuttal evidence was reversible error is also supported by additional substantial independent grounds discussed in the opinion. Therefore, this court did not overlook or misapprehend any material matter warranting rehearing.[4] Accordingly, we deny the petition for rehearing. NRAP 40(c).[5]

---

[1]This petition was previously denied in an unpublished order of this court issued on November 25, 1998. We have subsequently determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of a prior unpublished order denying this petition for rehearing.

[2]Our prior opinion mischaracterized this evidence as a "videotaped interview." In fact, the evidence was an audiotape, not a videotape.

[3]In actuality, the separate concurrences addressed this concern.

[4]For this reason as well, we deny the state's motion of November 9, 1998, seeking leave to supplement its petition for rehearing with additional argument.

[5]This petition challenges a decision issued prior to the expansion of the court from five to seven justices on January 4, 1999. Only those justices remaining on the court who previously heard this matter participated in this decision.